UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

COY CHRISTOPHER KLINGER

Case No. 1:14-CR-233

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The defendant argues that a combination of circumstances establish extraordinary and compelling reasons for compassionate release, specifically that (1) the conditions of confinement as a result of the COVID-19 lockdown are overly harsh and punitive, (2) he contracted COVID-19 six months ago and continues to suffer loss of taste and smell and "brain fog," (3) the mandatory minimum sentence in this case is too long, and (4) he has engaged in substantial rehabilitative efforts.  We conclude that none of these circumstances, whether individually or in combination, establish extraordinary and compelling reasons to reduce the defendant's sentence.

Assuming that the defendant had shown extraordinary and compelling reasons for compassionate release, we would nonetheless deny the defendant's motion based on the Section 3553(a) factors.  The defendant committed a serious offense--sex trafficking of children  The court has reviewed the record in this case thoroughly, and we reject the defendant's efforts to minimize the seriousness of his actions.  The defendant's offense conduct resulted in a Guidelines range of 262 to 327 months' imprisonment, and the court cut the defendant a considerable break at sentencing by adopting the parties' joint recommendation and imposing the mandatory minimum sentence of 120 months' imprisonment.  According to the BOP, the defendant still has nearly 20 months remaining on that sentence.  We commend the defendant's rehabilitative efforts while incarcerated; they will serve him well upon release.  But we find that the goals of sentencing--in particular, providing just punishment, affording general and specific deterrence, and protecting the public--require that the defendant's existing sentence remain intact.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

Dated: July 30, 2021

/s/ Christopher C. Conner
Christopher C. Conner[1]
United States District Judge
Middle District of Pennsylvania

---

[1] The above-captioned action was reassigned to this judicial officer by verbal order of July 26, 2021, in light of the impending retirement of Chief Judge John E. Jones III.