1

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
                     HARRISBURG DIVISION


UNITED STATES OF AMERICA         :
                                 :  CASE NO.
        v.                       :  1:14-CR-00233
                                 :
                                 :
COY CHRISTOPHER KLINGER          :  (Judge Conner)


         TRANSCRIPT OF DIGITALLY-RECORDED PROCEEDINGS
      INITIAL APPEARANCE ON MODIFICATION OF CONDITIONS
                    OF SUPERVISED RELEASE


         Held before MAGISTRATE JUDGE DARYL F. BLOOM
            July 22, 2024, commencing at 10:00 a.m.,
    Sylvia H. Rambo United States Courthouse, Harrisburg, PA
```

APPEARANCES:

STEPHEN DUKES, ESQUIRE
United States Attorney's Office
1501 North Sixth Street
Harrisburg, PA  17102
    For the United States

THOMAS A. THORNTON, ESQUIRE
Federal Public Defender's Office
100 Chestnut Street, Suite 306
Harrisburg, PA  17101-2540
    For the Defendant

JOHN JOHNSON, U.S. PROBATION OFFICER


    Proceedings digitally recorded; transcript produced by computer-aided transcription.
_____
                Wendy C. Yinger, RMR, CRR
                Federal Official Court Reporter
                wendy_yinger@pamd.uscourts.gov

1          *(Digital recording begins.)*
2          THE COURT:  Mr. Klinger, you're here today because a
3  petition was filed requesting modification of the conditions of
4  the terms of your supervised release.  And I just want to go
5  over a number of things with you.  First, you have a right to
6  an attorney.  You can elect to retain counsel yourself.  You
7  can elect to have me consider appointing counsel to represent
8  you if you cannot afford counsel.  Would you like to retain
9  counsel or would you like me to consider appointing counsel to
10 represent you?
11         THE DEFENDANT:  I want you to consider appointing
12 counsel.
13         THE COURT:  Okay.  And it does appear that you
14 completed a financial affidavit.  If you just give me one
15 moment, I'll take a look at that now.  *(Pause)*  At this point,
16 Mr. Klinger, I'm going to appoint counsel for today's
17 proceeding.  And I just note -- but I note that you're
18 currently not employed, but you have some cash in bank accounts
19 that might otherwise get into that.  So what I'm going to do is
20 I'm going to appoint counsel to represent you for today's
21 proceedings so we can proceed, and then in terms of this final
22 hearing before Judge Conner, if there is any final hearing
23 before Judge Conner, he can address it further at that time if
24 he so chooses.  Okay?  So if you would just bear with me for
25 one moment while I approve that order.  *(Pause)*  And, Mr.

1  Thornton, are you able to accept appointment?
2           MR. THORNTON:  Yes, we are.  In fact, Mr. Weitzman
3  will be representing him.
4           THE COURT:  Okay, very good.  Thank you.  And so the
5  next thing I want to talk to you about, Mr. Klinger, is your
6  right to remain silent.  You have a right not to say anything.
7  If you decide to speak, you can stop speaking at any time.  If
8  you decide to speak as well, you can have counsel with you
9  during that time.  But please note that if you do decide to
10 speak, that the information could be used against you.  Do you
11 understand you have a right to remain silent?
12          THE DEFENDANT:  Yes, Your Honor.
13          THE COURT:  Do you have a copy of the request for
14 summons and modification of conditions of the terms of your
15 supervised release?  Did you receive a copy of that?
16          THE DEFENDANT:  Yes.
17          THE COURT:  Okay.  And did you have an opportunity to
18 read over that document?
19          THE DEFENDANT:  I did.
20          THE COURT:  And what I'm going to do at this point,
21 I'm going to get the prosecutor to just essentially just
22 summarize some of the conditions that they are requesting be
23 modified.  And I'll just get you to pay careful attention to
24 that.  It will a brief summary, but I want to make sure it's
25 very important that you understand the information that's on

4

1  there.  I'll get you to listen very carefully because at the
2  conclusion, what I'm going to ask you is whether or not you
3  waive formal reading, which a formal reading literally would be
4  reading every word verbatim out loud to you.  So at this point,
5  Mr. Dukes?
6           MR. DUKES:  Yes, Your Honor.  The conditions that the
7  government is seeking to modify or add would be that there is
8  no direct contact with any child that Mr. Klinger knows or
9  reasonably should know to be under the age of 18 without the
10 permission of probation; as well as any type of electronic
11 device be monitored and that the use of the internet be limited
12 to legitimate and necessary reasons; then, lastly, that Mr.
13 Klinger is not to view or possess any visual depiction,
14 including any photograph, video, or computer-generated image or
15 otherwise made sexually explicit conduct.
16           Those are the general terms we are moving to add to
17 his supervised release, Your Honor.
18           THE COURT:  Understood.  Thank you, Mr. Dukes.  Mr.
19 Klinger, do you understand essentially it's really three
20 conditions that they want to modify for the term of your
21 supervised release?  Do you understand the modification
22 requests they're making?
23           THE DEFENDANT:  Yes, sir.
24           THE COURT:  And based upon that, would you waive a
25 formal reading of the request for modifications?

1               THE DEFENDANT:  Yes.
2               THE COURT:  Now the next thing I want to go over with
3   you is I want to talk to you and your attorney about what your
4   attorney's position is regarding those modifications.  Mr.
5   Thornton?
6               MR. THORNTON:  He intends to challenge the
7   modifications, Your Honor.
8               THE COURT:  Okay.  And does that relate to all three
9   of those modifications?
10              MR. THORNTON:  All three of them, yes, Your Honor.
11              THE COURT:  Okay.  And so -- it's an interesting
12  posture of the case.  The reason I say that is because the
13  matter was sent to me as a matter before Judge Conner, and I'll
14  note as it relates to the final hearing before Judge Conner,
15  it's scheduled for September 12, 2024, at 1:30 p.m. in
16  Courtroom No. 7A.  Because there's not what I consider to be
17  alleged violations based upon the summons, just for
18  modification, I'm assuming that Judge Conner at that time would
19  make the final determination as it relates to those conditions.
20  And, however, because it's before me, what I anticipate doing,
21  I think it would be my responsibility to temporarily modify
22  until a final determination could be made if it's appropriate.
23  So I'm happy to hear from the parties on what they believe my
24  role is.  And, Mr. Thornton, it looks like you're ready to
25  speak, so I'm happy to hear from you first.

6

1            MR. THORNTON:  Yes, Your Honor.  We believe the
2    conditions (audio is unintelligible)
3            THE COURT:  Okay.  Understood.  Mr. Dukes?
4            MR. DUKES:  Your Honor, we -- the government agrees
5    with the defense.  We don't believe it would be -- we believe
6    that the most appropriate situation would be for Judge Conner
7    to have this matter and make the ultimate determination on
8    those conditions.
9            THE COURT:  Okay.  All right, very well.  Then I'm
10   happy to hear from you, Mr. Johnson.  Do you have any other
11   thoughts on this matter?
12           PROBATION OFFICER:  Your Honor, we concur with the
13   defendant as well as the government at this point.
14           THE COURT:  Okay.  So, all right.  So I don't think
15   there's anything more for me to do.  I think you're right, I
16   think in terms of those modifications, I do agree with Mr.
17   Thornton, that Judge Conner would be the appropriate authority
18   to review those conditions.  I didn't know if I could make
19   those on a temporary basis, but it looks like the parties agree
20   that that should be before Judge Conner and I think that is
21   appropriate.
22           The final thing I am going to do, Mr. Klinger, I'm
23   just going to provide notice.  It's something that I have to
24   provide both in writing and orally, but in every proceeding
25   that we have will be the Brady notice.  Pursuant to the October

1  21, 2020, amendment to Rule 5 of the Federal Rules of Criminal
2  Procedure, the Court provides the prosecution and defense
3  counsel with the following notice that confirms the disclosure
4  obligation of the prosecutor under the Supreme Court's decision
5  in *Brady versus Maryland*.
6              Under *Brady*, the prosecutor must produce material
7  evidence in the possession, custody, or control that is
8  favorable to the accused, which includes both exculpatory
9  evidence and information which may impeach government witnesses
10 and that evidence is material either to guilt or to punishment.
11 Such disclosures must be made in a timely manner in order to
12 allow the use of the exculpatory information in the defense of
13 the case.  Failure to comply with this due process obligation
14 may result in dismissal of charges, exclusion of evidence, or
15 sanctions against counsel.  Mr. Dukes, does the government
16 understand this obligation?
17             MR. DUKES:  It does, Your Honor.
18             THE COURT:  And I believe, based upon that, I don't
19 believe there's any other business that we need to address.
20 There's not a request for detention, so I don't think I need to
21 get into that.  And I don't think we're at a position regarding
22 preliminary hearing or anything like that, I don't think it
23 applies in this particular case.  So unless there's anything
24 further from either party, we'll adjourn this matter.  Mr.
25 Dukes, anything further from the government?

8

1          MR. DUKES:  Nothing from the government, Your Honor.
2          THE COURT:  Mr. Thornton, anything further from the
3  defendant?
4          MR. THORNTON:  No, sir.
5          THE COURT:  Okay.  I wish everyone well.
6          COURTROOM DEPUTY:  Court is in recess.
7          *(Digital recording ends.)*

```
                                                                    0
 1
 2
 3                           CERTIFICATION
 4
 5
 6         I, Wendy C. Yinger, Federal Official Realtime Court
 7   Reporter, in and for the United States District Court for the
 8   Middle District of Pennsylvania, do hereby certify that
 9   pursuant to Section 753, Title 28, United States Code, that the
10   foregoing is a true and correct transcript to the best of my
11   ability of the digitally-recorded proceedings held in the
12   above-entitled matter and that the transcript page format is in
13   conformance with the regulations of the Judicial Conference of
14   the United States.
15
16
17                         /s/ Wendy C. Yinger
                           Wendy C. Yinger, RMR, CRR
18                         U.S. Official Court Reporter
                           Wendy_Yinger@pamd.uscourts.gov
19
20
21
22      (The foregoing of this transcript does not apply to any
23   reproduction of the same by any means unless under the direct
24   control and/or supervision of the certifying reporter.)
25
```